IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MARK FITZHENRY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>　　　　Plaintiff<br><br>vs.<br><br>LOWE'S COMPANIES, INC.<br>GE CAPITAL RETAIL BANK<br><br>　　　　Defendants | Case No.  2:14-cv-2081-RMG<br><br>CLASS ACTION COMPLAINT |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. The Telephone Consumer Protection Act is a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012). Plaintiff Mark Fitzhenry brings this action to enforce the consumer-privacy provisions of the TCPA, due to the fact that, in violation of the TCPA, Defendants placed a computer-dialed telemarketing call to Mr. Fitzhenry's cellular telephone.

2. Mr. Fitzhenry never consented to receive these calls, and they were placed to him for no legitimate purpose.

3. Because the calls were transmitted using technology capable of generating hundreds of thousands of calls per day, and because these campaigns generally place calls to hundreds of thousands or even millions of recipients *en masse*, Mr. Fitzhenry brings this action

on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

4.     A class action is the best means of obtaining redress for the Defendant's wide scale illegal practices, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5.     Plaintiff Mark Fitzhenry is a resident of the State of South Carolina, in this District.

6.     Defendant GE Capital Retail Bank provides retail banking and credit services to consumers, including in this District.  It is headquartered in Draper, UT.

7.     GE Capital Retail Bank services credit cards for a number of department stores in the United States, including Lowe's, JC Penney, and Wal-Mart.

8.     Defendant Lowe's Companies, Inc. is headquartered in Mooresville, NC, and offers consumer credit cards through their stores.

## Jurisdiction & Venue

9.     The Court has federal question subject matter jurisdiction over these TCPA claims.  *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

10.    Venue is proper because a substantial part of the events, including the calls made to the Plaintiff, occurred in this District, and the Defendant transacts business in this District.

## TCPA Background

11.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . .

can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

12. Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robocalls"), finding:

> [R]esidential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> . . . .
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* § 2(10) and (12); *see also Mims*, 132 S. Ct. at 745. *See also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on the TCPA's purpose).

13. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

14. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

15. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

16. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *See FCC Declaratory Ruling,* 23 F.C.C.R. at 564-65 (¶ 10).

17. In the same Declaratory Ruling, the FCC emphasized that both the creditors, such as Defendants, and the third party debt collector may be held liable under the TCPA for debt collection calls. ("A creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call... A third party collector may also be liable for a violation of the Commission's rules.")

18. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

4

*Soppet v. Enhanced Recovery Co.*, LLC, 679 F.3d 637, 638 (7th Cir. 2012).

## Factual Allegations

### *Defendant places calls to the Plaintiff*

19.     On September 19, September 20, September 21, and September 23, 2013, and on other dates and/or times, the Plaintiff received a phone call from a debt collector calling from or on behalf of Defendants. The caller ID for the calls was (800) 568-0156.

20.     All of the calls were received on the Plaintiff's cellular telephone, (843) 991-XXXX.

21.     When each of the calls connected, there was an audible click from the receiver. After a significant pause, the following pre-recorded message played:

> This is an important message from GE Capital Retail Banks regarding Lowe's credit services. Please call today at 1-800-568-0156 or visit our website at Lowescredit.com. Our mailing address is 170 West Election Road, Suite 125, Draper, UT 84020. Thank you.

22.     As evidenced by, among other things, the generic nature of the calls indicating a large volume of calls and the use of prerecorded voice messages, these calls from or on behalf of Defendants were made using an automatic telephone dialing system, equipment having the capacity to dial Plaintiff's number without human intervention.

23.     In fact, when the Plaintiff contacted the Defendant GE Capital Bank about the unwelcomed calls, he was told that an automatic dialer makes the calls.

24.     The facts in the preceding paragraphs indicate the call was placed through an "automatic telephone dialing system" as defined in 47 U.S.C. § 227(a)(1).

25.     Despite the fact that the Defendants repeatedly contacted the Plaintiff, they were attempting to collect a debt for a Lowe's consumer credit card for William Beasley, an individual the Plaintiff has never met, or had any contact with.

26. Both calls were placed through an automatic telephone dialing system. Both calls were placed without the Plaintiff's prior express consent.

27. Plaintiff is not a customer of Defendant, and has not provided Defendant with the cellular telephone number he was called on.

## Class Action Allegations

28. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

29. The class of persons Plaintiff proposes to represent with respect to Count One is tentatively defines as all persons within the United States who Defendants directly, or through its agents, called on a cellular telephone line by the use of an automatic telephone dialing system, and with respect to whom Defendants do not have evidence of prior express consent of the called party.

30. The classes as defined above are identifiable through phone records and phone number databases.

31. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

32. Plaintiff is a member of the classes.

33. There are questions of law and fact common to Plaintiffs and to the proposed classes, including but not limited to the following:

    a. Whether Defendants engaged in a pattern of using an automatic telephone dialing system to call telephone numbers assigned to cellular telephone service;

    b.  Whether Defendants placed calls to cellular telephone numbers using an automatic telephone dialing system without obtaining the recipients' prior consent for the call;

    c.  Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendants' actions.

34. Plaintiff's claims are typical of the claims of class members.

35. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

36. The actions of Defendants are generally applicable to the class as a whole and to Plaintiff.

37. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

38. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

39. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

2:14-cv-02081-RMG    Date Filed 05/29/14    Entry Number 1    Page 8 of 10

## CAUSES OF ACTION

### Count One:

### Violation of the TCPA's provisions prohibiting autodialer and prerecorded message calls to cell phones

40. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

41. The Defendants violated the TCPA by (a) initiating a telephone call using an automated dialing system or prerecorded voice to Plaintiff's telephone numbers assigned to a cellular telephone service, or (b) by the fact that others caused the initiation of those calls on its behalf. *See* 47 C.F.R. 64.1200(a)(1)(iii); 47 U.S.C. § 227(b)(1).

### Count Two:
### Injunctive relief to bar future TCPA violations

42. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

43. The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

44. The Plaintiff respectfully petitions this Court to order the Defendants, and their employees, agents and independent distributors, to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

### Relief Sought

For himself and all class members, Plaintiff requests the following relief:

1. That Defendants be restrained from engaging in future telemarketing in violation of the TCPA.

2. That Defendants, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

3. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure.

4. That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation.

5. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated:   May 29, 2014

                                                         s/ Lance S. Boozer
                                                         Lance S. Boozer (Fed ID# 10418) (SC Bar# 75803)

**PLAINTIFF'S COUNSEL:**

Lance S. Boozer
The Boozer Law Firm, LLC
807 Gervais Street
Suite 203
Columbia, SC 29201
Tele:  803-608-5543
Fax:   803-926-3463
lsb@boozerlawfirm.com

Edward A. Broderick
Anthony Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA  02110
(617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com
*Subject to Pro Hac Vice*

Matthew P. McCue, Esq.
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
(508) 319-3077 *facsimile*
mmccue@massattorneys.net
*Subject to Pro Hac Vice*

10