# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# (CHARLESTON DIVISION)

| | |
|---|---|
| Mark Fitzhenry, )<br>          Plaintiff, )<br>)<br>v. )<br>)<br>Lowe's Companies, Inc. and GE Capital Retail )<br>Bank, )<br>)<br>          Defendants. )<br>_____ ) | Case No. 14-cv-02081-RMG<br><br>**Defendants' Motion to Stay** |

Defendants, Lowe's Companies, Inc. and GE Capital Retail Bank, now known as Synchrony Bank ("Synchrony") (collectively, "Defendants"), respectfully move this Court to stay this litigation under the primary jurisdiction doctrine or, alternatively, the Court's inherent authority. Defendants respectfully request oral argument pursuant to Local Civil Rule 7.08. In support of this motion to stay, Defendants state as follows.

1.    Plaintiff has filed a class action complaint against Defendants alleging violations of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, for making debt collection calls to his cell phone using an "automatic telephone dialing system" without his prior express consent.

2.    This Court should stay this case under the primary jurisdiction doctrine, which allows a court to stay litigation in deference to the expertise of a federal agency on issues that bear upon the lawsuit. Here, the Federal Communications Commission (FCC) has pending before it at least four petitions for declaratory relief that may be dispositive of this litigation.

        a.    Three petitions ask the FCC to determine whether an "automatic telephone dialing system" under the TCPA requires the present capacity to dial random or sequential numbers (Synchrony's system lacks this capacity).

1

      b.      One petition asks the FCC to determine whether an "automatic telephone dialing system" under the TCPA requires that there be no human intervention involved at any step of the process (Synchrony's system does involve human intervention).

      c.      Two petitions ask the FCC to decide whether a company can be held liable under the TCPA for calling a cell phone number that had been reassigned to another subscriber when the company had prior express consent from the original subscriber (the fact pattern in this case).

3.      The outcome of any of the FCC petitions could be dispositive of Plaintiff's TCPA claim in this case. Moreover, waiting until the FCC issues these rulings promotes national uniformity and deference to the agency's special expertise, which are the twin goals of the primary jurisdiction doctrine. The FCC further has indicated that its rulings on these matters will be issued relatively soon. For all these reasons, the Court should stay this case under the primary jurisdiction doctrine until the FCC rules on the pending petitions.

4.      In the alternative, the Court should invoke its inherent authority to stay this case because a prior, pending class action lawsuit already was filed against Synchrony in California raising essentially the same issues as in this case. *See Abdeljalil v. GE Capital Retail Bank*, Case No. 3:12-cv-02078-JAH-MDD (S.D. Cal.). That earlier matter is nearly two years old, pre-certification fact and class discovery has been completed, and the court has taken under advisement plaintiffs' motion for class certification, which was fully briefed as of June 16, 2014. Thus, in the interest of judicial economy and conserving the time and effort of both parties, Defendants request that this matter be stayed pending the outcome of the earlier lawsuit.

5.  Defendants are filing a supporting Memorandum of Law and Appendix of Exhibits in support of this motion to stay.

6.  Pursuant to Local Civil Rule 7.02, the undersigned hereby affirms that he conferred with opposing counsel prior to filing this motion and attempted in good faith to resolve the matter contained herein.

WHEREFORE, Defendants Lowe's Companies, Inc. and GE Capital Retail Bank, now known as Synchrony Bank, respectfully request that the Court stay this case under the primary jurisdiction doctrine until the FCC rules on the pending petitions before it, or, in the alternative, that it stay this matter under its inherent authority due to the prior pending class action litigation addressing the same issues. Defendants also request such other and further relief as the Court deems just or necessary.

Dated:  August 4, 2014                                  Respectfully submitted,


Lowe's Companies, Inc. and GE Capital Retail Bank, now known as Synchrony Bank, *Defendants*

By:  /s/ Beattie B. Ashmore
Beattie B. Ashmore, Esquire / Federal Bar No. 5215
Beattie B. Ashmore, P.A.
650 E. Washington Street
Greenville, S.C. 29601
(864) 467-1001
(864) 672-1406 *facsimile*
Beattie@beattieashmore.com

Henry Pietrkowski (*pro hac vice*)
Reed Smith LLP
10 S. Wacker Dr., 40th Floor
Chicago, IL 60606
(312) 207-3904
(312) 207-6400 *facsimile*
hpietrkowski@reedsmith.com